IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REYNALDO FIGUEROA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 22-36J |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| PENNSYLVANIA BOARD OF PAROLE | ) | Re: ECF No. 18 |
| AND PROBATION; *and* | ) | |
| BARRY SMITH, *Superintendent*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER OF COURT

Reynaldo Figueroa ("Petitioner") is a state prisoner currently held at the State Correctional Institution at Houtzdale ("SCI-Houtzdale") in Houtzdale, Pennsylvania. Petitioner initiated this action on March 9, 2022, by submitting a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (the "Petition"), in which he seeks relief from a decision of Respondent Pennsylvania Board of Parole and Probation denying him parole. ECF No. 8 at 5.

Currently before this Court is Petitioner's Motion to Compel, ECF No. 18, in which he seeks an order compelling Respondents to serve their pleadings on him directly at SCI-Houtzdale's address for legal mail, rather than sending it through a Florida-based contractor used by the Department of Corrections ("DOC") for non-privileged mail. Id. at 1. Petitioner is concerned that prison officials might read Respondents' pleadings, which he believes "should remain a private matter between the parties for right now to avoid ridicule and embarrassment." Id. Petitioner also raises concerns that mail from Respondents may become lost; however, Petitioner does not indicate that that actually has occurred in this case. Id.

1

Under the DOC's prior policy, mail from Respondents sent directly to Petitioner under the circumstances of this case would not have qualified as "privileged mail," and would not have been delivered to Petitioner by prison officials. See McLaughlin v. Zavada, No. 19-422, 2019 WL 5697347, at *1-3 (W.D. Pa. Nov. 4, 2019) (discussing prior DC-ADM 803). Instead, in order to be delivered, mail from Respondents would have to have been sent through the third-party contractor in Florida, which would have sent it on to the DOC for eventual delivery to Petitioner.

However, the current DOC policy was amended on August 10, 2020, to include certain "[m]ail from an elected or appointed federal, state, or local official who has sought and obtained a control number issued by the Department's Office of Chief Counsel" in the definition of "Incoming Privileged Correspondence." See DC-ADM 803.1.A.4, 803.1.D, and "Glossary of Terms." (available at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last visited June 30, 2022)). Accordingly, it appears at least arguable that mail from Respondents would be delivered to Petitioner if it were stamped with a DOC-issued a control number and mailed to SCI-Houtzdale's address for legal mail. This Court is not aware whether Respondents have DOC-issued control numbers.

That said, Petitioner does not indicate, nor that the docket suggest, that Petitioner has not received service of any pleading or motion filed by Respondents and served via the Florida-based contractor. There also is no indication that Respondents' use of the Florida-based contractor has otherwise interfered with Petitioner's ability to timely prosecute this case. To the contrary, the public docket indicates that Petitioner was able to timely file a Traverse to Respondents' Answer to the Petition, and that this case is fully briefed. ECF Nos. 15 and 17. Furthermore, to the extent that

Petitioner needs an extension of time due to any mail delay, this Court routinely grants such requests.

In addition, to the extent that Petitioner would prefer that the pleadings in this matter remain private, he should be aware that every filing is made on the docket that is accessible by the general public. See generally In re Avandia Mktg., Sales Practices and Prods. Liab. Litig., 924 F.3d 662 (3d Cir. 2019) (discussing the First Amendment and common law rights of access to judicial records in the context of sealing those records). Simply put, none of the pleadings or motions in this case is private.

Accordingly, this Court will decline to issue an order compelling Respondents to serve their filings on Petitioner through the prison's legal mail address. However, if Respondents' use of the Florida contractor in the future causes delay in receipt of pleadings or motions, or otherwise results in unfair prejudice to Petitioner, Petitioner may move for further relief from this Court.

Accordingly, the following Order is entered:

AND NOW, this 30th day of June, 2022, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Petitioner's Motion to Compel, ECF No. 18, and is DENIED WITHOUT PREJUDICE to seeking further relief if necessary.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be

submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

                BY THE COURT:

                */s/Maureen P. Kelly*
                MAUREEN P. KELLY
                UNITED STATES MAGISTRATE JUDGE

cc:    Reynaldo Figueroa
       NZ 4912
       SCI-Houtzdale
       P.O. Box 1000
       209 Institution Drive
       Houtzdale, PA 16698-1000

       All counsel of record (*via* CM/ECF)