IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REYNALDO FIGUEROA, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 22-36J |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 8 |
| PENNSYLVANIA BOARD OF PAROLE ) | |
| AND PROBATION, and BARRY SMITH, ) | |
| ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

Pending before the Court is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Reynaldo Figueroa ("Petitioner"). ECF No. 8. For the reasons stated herein, the Petition will be dismissed, and a certificate of appealability will be denied.[1]

**I. PROCEDURAL BACKGROUND**

Petitioner initiated the present matter by filing the petition on or about March 7, 2022. ECF No. 1-1. See also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("we hold that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."). He also submitted a Brief in Support of the petition. ECF No. 12. Respondents filed a Response. ECF No. 15. Petitioner filed a Reply. ECF No. 17. The Petition is ripe for review.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 2, 21.

1

## II. ANALYSIS

28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment, permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). At the time he filed this petition, Petitioner was a state prisoner incarcerated at the State Correctional Institution at Houtzdale serving an aggregate term of imprisonment of three to six years imposed by the Court of Common Pleas of York County following his convictions of escape and a violation of the Uniform Firearms Act at Docket Numbers CP-67-CR-0000258-2019 and CP-67-CR-0001294-2019. In his petition, Petitioner seeks immediate parole, asserting that the Pennsylvania Board of Probation and Parole improperly denied him parole in violation of his constitutional rights. ECF No. 8.

Article III of the U.S. Constitution requires that there be a case and controversy in order for a federal court to exercise jurisdiction. Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013). This requirement must exist at the beginning of litigation and remain throughout all stages of litigation. Id. at 90-91. If during the course of the litigation, events that transpire which eliminate the ability of the court to grant any effectual relief, the case is moot and must therefore be dismissed. Knox v. Service Employees Intern. Union, Local 1000, 567 U.S. 298, 307 (2012).

Events have transpired during the course of this litigation which eliminate the Court's ability to grant the relief Petitioner seeks. Petitioner's maximum sentence date was November 21, 2024, six years after he was arrested on the charges in question. ECF No. 15 at 2; ECF No. 15-2 at 2-3. His sentence has expired. Indeed, a search of the Inmate/Parolee Locator on the Pennsylvania Department of Corrections website reveals that Petitioner is not in its custody at this

time.[2] Accordingly, this Court lacks subject matter jurisdiction over the instant petition, and it will be dismissed as moot.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability will be denied, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). See also Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate Order follows.

Dated: March 5, 2025

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner has not updated his address with the Court.

3